# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **Ricky A. Bush, Sr.** : | CASE NO.:_____ |
| 1604 Rosina Drive | |
| Miamisburg, OH 45342 : | JUDGE: _____ |
| | |
| Plaintiff : | |
| | |
| vs. : | |
| | |
| **O'Reilly Automotive Stores, Inc.** : | |
| **c/o Statutory Agent,** | |
| **CT Corporation System** : | |
| 4400 Easton Commons Way | |
| Suite 125 : | |
| Columbus, OH 43219 | **COMPLAINT FOR PERSONAL** |
| : | **INJURIES; WITH JURY** |
| And | **DEMAND ENDORSED HEREIN** |
| : | |
| **Southern Graphics System, LLC d/b/a** | |
| **Health Plan c/o Statutory Agent,** : | |
| **Corporation Service Company** | |
| 50 West Broad Street : | |
| Suite 1330 | |
| Columbus, OH 43215 : | |
| | |
| Defendants. : | |

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332 as the parties are citizens of different states and the amount in controversy exceeds $500,000.00.

2. Venue is properly vested in this Court pursuant to 28 U.S.C § 1391(b).

## **FIRST CLAIM FOR RELIEF**

3. On or about April 3, 2019, Plaintiff Rick Bush, Sr. (hereafter "Plaintiff") was a business invitee of Defendant O'Reilly Automotive Stores, Inc. d/b/a/ O'Reilly Auto Parts (hereinafter "O'Reilly") located at 121 South Heincke Road, Miamisburg, Montgomery County, Ohio, 45342.

4. Plaintiff slipped and fell on a slippery substance on the floor, believed to be motor oil, after entering the O'Reilly store in Miamisburg, Ohio. The substance was dangerous to customers of O'Reilly.

5. The oily substance on the floor was not open and obvious.

6. Defendant O'Reilly knew or should have known of the presence of the oily substance.

7. No reasonable warning of the presence of the substance was provided by Defendant O'Reilly to customers of the store, including Plaintiff.

8. Defendant O'Reilly has a duty to maintain the store in a reasonably safe condition and to inspect the store in a manner designed to discover dangerous conditions and is vicariously liable for the actions and inactions of its employees.

9. Defendant O'Reilly has a duty to warn business invitees of or remedy latently dangerous conditions in its stores of which it has actual or constructive knowledge.

10. On April 3, 2019, Defendant O'Reilly, by and through its employees and agents, negligently breached its' duties of care owed to Plaintiff, including but not limited to, failing to warn, remedy or prevent the accumulation of the substance that caused Plaintiff to slip and fall and through its' employee directly and negligently caused the hazardous condition and left the area without warning to the peril of its' customers.

11. As the direct and proximate result of the negligence and liability of Defendant O'Reilly, Plaintiff sustained injuries and damages as follows:

   a. Bodily injuries including neck pain, back pain, should pain, hip pain, knee pain, and wrist pain;

   b. Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions with said pain, suffering and loss of ability to perform usual functions reasonably certain to continue in the future;

   c. Reasonable and necessary medical expenses in excess of $72,217.07;

   d. Loss of wages in the amount of $8,640.00;

e.	Miscellaneous out of pocket expenses in an amount to be determined.

12.	The aforesaid negligence and liability of Defendant O'Reilly was the direct and proximate cause of the injuries and damages to Plaintiff.

**WHEREFORE**, Plaintiff, Ricky A. Bush, Sr., demands judgment against Defendant, O'Reilly Automotive Stores, Inc., in an amount in excess of $75,000.00, plus interest and the cost of this action.

## **SECOND CLAIM FOR RELIEF**

13.	Plaintiff incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

14.	Defendant, Southern Graphic Systems, LLC d/b/a Health Plan (hereafter "Defendant Health Plan") may have paid medical expenses on behalf of Plaintiff in connection with the injuries as set forth in the First Claim for Relief.

15.	As a result, Defendant Health Plan may have a vested interest in the within action as a result of its claim of subrogation, if one so exists.

16.	Defendant Health Plan is being joined in this action to defend and protect its claim of subrogation, if one so exists.

**WHEREFORE**, Plaintiff, Ricky A. Bush, Sr., demands that Defendant, Southern Graphic Systems, LLC d/b/a Health Plan, appear and represent its interest in the within action or be forever barred from pursuing its subrogation claim, if one so exists.

Respectfully submitted,

DYER, GAROFALO, MANN & SCHULTZ

 /s/ Kenneth J. Ignozzi
Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiff
131 North Ludlow Street
Suite 1400
Dayton, Ohio 45402
Telephone: (937) 223-8888
Facsimile: (937) 824-8630
Email: kignozzi@dgmslaw.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

Respectfully submitted,

DYER, GAROFALO, MANN & SCHULTZ

 /s/ Kenneth J. Ignozzi
Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiff
131 North Ludlow Street
Suite 1400
Dayton, Ohio 45402
Telephone: (937) 223-8888
Facsimile: (937) 824-8630
Email: kignozzi@dgmslaw.com