**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICK BUSH, SR., | : | Case No. 3:21-cv-189 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| O'REILLY AUTO ENTERPRISES, LLC, *et al.*, | : | |
| Defendants. | : | |

**ORDER DENYING MOTION OF DEFENDANT O'REILLY AUTO ENTERPRISES, LLC TO STRIKE PRIMARY EXPERT WITNESS DISCLOSURES (DOC. #30)**

**I.   BACKGROUND**

This matter is presently before the Court on the Motion of Defendant O'Reilly Auto Enterprises, LLC to Strike Primary Expert Witness Disclosures of Plaintiff Ricky A. Bush Sr., and Defendant Southern Graphic Systems, Inc. (Doc. #30). In its Motion, Defendant O'Reilly Auto Enterprises, LLC ("Defendant O'Reilly) seeks to strike Plaintiff's disclosure of primary expert witnesses (Doc. #26) and Defendant Southern Graphic System, Inc's ("Defendant Southern") primary witness disclosure (Doc. #27) for failure to comply with the requirement to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) and District Judge Rose's Preliminary Pretrial Order (Doc. #14). (Doc. #30, *PageID* #112).

Plaintiff timely filed his opposition memorandum on August 9, 2022. (Doc. #34). Defendant Southern's opposition memorandum to the Motion was also due on or before August 9, 2022. S.D. Ohio Civ. R. 7.2(a)(2). However, Defendant Southern failed to file an opposition memorandum by that deadline. As a result, the undersigned issued an Order on September 1, 2022,

requiring Defendant Southern to show cause why Defendant O'Reilly's Motion should not be granted and allowed Defendant Southern to satisfy the show cause requirement by filing a memorandum in opposition on or before September 15, 2022. (Doc. #35, *PageID* #s 136-37). Defendant Southern then filed a timely response to the Court's Order. (Doc. #37). This matter is now ripe for review.

## II.     LAW & ANALYSIS

The requirements for expert witness disclosures are governed by Federal Rule of Civil Procedure 26. Rule 26 provides for two categories of experts, each with their own reporting requirements. *See* Fed. R. Civ. P. 26(a)(2)(B), (C). In this case, Defendant O'Reilly contends that neither Plaintiff nor Defendant Southern complied with the first category of experts specified in Rule 26(a)(2)(B). Specifically, Defendant O'Reilly's argument, in full, states:

> Defendant O'Reilly [] requests this court to strike the [P]laintiff's disclosure of primary expert witnesses (ECF No. 26) and [D]efendant Southern'[s] primary witness disclosure (ECF No. 27) for failure to comply with this court's preliminary pretrial order (ECF No. 14).
>
> The order directed parties to reveal the identity of expert witnesses and to provide a copy of the expert's report, consistent with Fed. R. Civ. P. 26(a)(2)(B).
>
> Neither disclosure was accompanied or preceded by any compliant expert report.

(Doc. #30, *PageID* #112).

Federal Rule of Civil Procedure 26(a)(2)(B) applies to experts that are "retained or employed specially to provide testimony or one whose duties as the party's employee regularly involve giving expert testimony." For this category of experts, the disclosing party must provide the identity of the expert along with a "written report" that is "prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). Reports for such experts must contain certain information, specifically:

> (i) [A] complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

In contrast, if disclosed under the second category outlined in Rule 26(a)(2)(C), the expert does not need to provide a written report, but the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).  In interpreting this category of experts, Courts have noted that Rule 26(a)(2)(C) "appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion." *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (Newman, M.J) (quoting *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.S. 641, 645 (N.D. Ind. 2011)).  Thus, while the party offering the treating physician's opinion must still provide the disclosures outlined in Rule 26(a)(2)(C), such treating physicians are not required to provide an expert report pursuant to Rule 26(a)(2)(B).

According to the Advisory Committee's Note, Subdivision (a)(2)(C) was added to Rule 26 in order to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement."  Fed. R. Civ. P. 26(a)(2)(C) Advisory Committee's Note (2010 Amendments). The Note goes on to distinguish the reporting requirements under Rule 26(a)(2)(B) from Rule 26(a)(2)(C) by explaining that Rule 26(a)(2)(C) "disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B).

Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id*.

As noted above, Defendant O'Reilly's sole argument is that the Court should strike Plaintiff's disclosure of his primary expert witnesses and Defendant Southern's primary witness disclosures since "[n]either disclosure was accompanied or preceded by any compliant expert report." (Doc. #30, *PageID* #112).  In response, Plaintiff points out that the experts included in his disclosure, Frank J. Fasano, Jr., M.D. and Michelle M. Russell, D.O., are not experts that are "retained or employed specifically to provide testimony or one whose duties as the party's employee regularly involve giving expert testimony[.]" (Doc. #34, *PageID* #134) (quoting Fed R. Civ. P. 26(a)(2)(B)).  Instead, they are experts who treated Plaintiff and will be testifying as to his injuries and treatment. *Id*.   Thus, since these experts were not disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B), written reports were not required. *Id*.

Plaintiff's argument is well-taken. The only experts disclosed by Plaintiff were his medical providers, Dr. Fasano and Dr. Russell. (Doc. #26, *PageID* #86).  As noted in Plaintiff's expert disclosures, these physicians are "expected to testify as to Plaintiff's injuries and treatment as a result of the slip and fall[.]" *Id*.  Plaintiff maintains that these medical providers are not retained or specifically employed experts, and there has been no evidence or argument presented to the contrary.  In short, Plaintiff's experts were disclosed pursuant to the second category of experts, specifically, Rule 26(a)(2)(C), and therefore, were not required to provide written reports. Accordingly, Defendant O'Reilly's request to strike Dr. Fasano and Dr. Russell from testifying on the basis that they did not provide written reports pursuant to Rule 26(a)(2)(B) is without merit and, therefore, **DENIED**.

Defendant O'Reilly's request to strike Defendant Southern's expert disclosure likewise fails. On July 15, 2022, Defendant Southern timely produced its primary expert witness disclosure. (Doc. #27). Unlike Plaintiff, Defendant Southern did not identify any specific expert witnesses but merely indicated that it reserved its rights to call certain expert witnesses, such as those identified and/or called by other parties and those necessary for rebuttal and/or impeachment. (Doc. #27, *PageID* #90). Thus, at this time, there are no specific expert witnesses provided by Defendant Southern which the Court could preclude from testifying. Accordingly, Defendant O'Reilly's request to strike any experts called to testify on behalf of Defendant Southern is **DENIED** as premature.

### III. CONCLUSION

For the reasons set forth above, the Motion of Defendant O'Reilly Auto Enterprises, LLC to Strike Primary Expert Witness Disclosures by Plaintiff Ricky A. Bush, Sr. and Defendant Southern Graphic Systems, Inc. (Doc. #30) is hereby **DENIED**.

**IT IS SO ORDERED.**

November 3, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge