**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RICKY A. BUSH, SR., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-189 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| O'REILLY AUTO ENTERPRISES, LLC, *et al.*, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING MOTION OF DEFENDANT O'REILLY**
**AUTO ENTERPRISES, LLC FOR SUMMARY JUDGMENT (DOC. NO. 25)**

---

This case involves a personal injury claim brought by Plaintiff, Ricky A. Bush, Sr. ("Bush"). Pending before the Court is a motion for summary judgment (Doc. No. 25) (the "Motion"), which was filed by Defendant O'Reilly Auto Enterprises, LLC ("O'Reilly Enterprises"). In the Motion, O'Reilly Enterprises asks the Court "to enter summary judgment in its favor based on the failure of [Bush] to file the Ohio tort claim he has asserted in this court within Ohio's two-year statute of limitations for bodily injury." (Doc. No. 25 at PageID 83.) The Court **DENIES** the Motion.

I.    **BACKGROUND** [1]

On or about April 3, 2019, Bush slipped and fell at a store located at 121 South Heincke Road in Miamisburg, Ohio. (Doc. No. 1 at PageID 2; *see also* Doc. No. 15 and Doc. No. 16.) He alleges that the cause of the slip-and-fall was a slippery substance that he believes to be motor oil.

---

[1] For purposes of resolving the Motion, the recitation in the "Background" section includes undisputed facts and otherwise assumes the evidence of the non-moving party as true and draws all reasonable inferences in the nonmoving party's favor, as is appropriate at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Tolan v. Cotton*, 572 U.S. 650, 660 (2014).

1

(Doc. No. 1.) Bush brings a state-law claim for negligence based on his allegations. (*Id.*)

On January 26, 2021, Bush originally filed his claim in the Montgomery County Court of Common Pleas (the "Original Lawsuit"). (S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1-1.) In the Original Lawsuit, Bush named O'Reilly Automotive Stores, Inc. ("O'Reilly Stores") as a defendant, not O'Reilly Enterprises. (*Id.*) On February 25, 2021, that case was removed from state court to this Court. (S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1.) The Notice of Removal in the Original Lawsuit stated that O'Reilly Stores was "not the proper entity" and explained that the proper defendant was O'Reilly Enterprises. (*Id.*) Later that same day, Bush filed a voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 2.)

Approximately four-and-a-half-months later (and, therefore, more than two years after Bush's alleged slip-and-fall), Bush filed this lawsuit on July 15, 2021 (the "Current Lawsuit"). (Doc. No. 1.) The attorney who filed the Current Lawsuit was not the attorney who filed the Original Lawsuit. (*Compare* id. *to* S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1-1.) As with the Original Lawsuit, the Current Lawsuit named O'Reilly Stores, not O'Reilly Enterprises, as a defendant. (Doc. No. 1.) The allegations and substance of the negligence claim in both the Current Lawsuit and the Original Lawsuit are very similar. (*Compare* Doc. No. 1 at PageID 2-3 *to* S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1-1.)

On September 3, 2021, O'Reilly Enterprises filed an answer to Bush's complaint in the Current Lawsuit. (Doc. No. 10.) In its answer, O'Reilly Enterprises stated that it had been "misidentified in the plaintiff's complaint as O'Reilly Automotive Stores, Inc." (*Id.* at PageID 32.) That same day, O'Reilly Enterprises served discovery requests on Bush. (Doc. No. 11.) On October 7, 2021, O'Reilly Enterprises filed a Corporate Disclosure Statement that indicated it had

been misidentified as O'Reilly Stores and that it is a parent, subsidiary, or other affiliate corporation of O'Reilly Stores. (Doc. No. 13.)

On December 9, 2021, the parties filed a Joint Motion to Amend Named Defendants in Plaintiff's Complaint. (Doc. No. 15.) In that filing, the parties "stipulate[d] to the amendment of the improperly named defendants" in the Complaint. (*Id.* at PageID 50.) Additionally, the parties "stipulate[d] that Southern Graphic Systems, LLC and O'Reilly Auto Enterprises, LLC are the true and accurate parties in this case and there is no need for further pleadings in order to amend the parties of the case." (*Id.* at PageID 52.) Attached to the filing was a proposed entry. (Doc. No. 15-1.) The next day, Magistrate Judge Peter B. Silvain, Jr. filed an entry granting that joint motion. (Doc. No. 16.) The entry matched the language in the body of the proposed entry, and it states:

> By agreement of the parties, by and through Counsel, Defendant O'Reilly Automotive Stores, Inc. and Southern Graphics System, LLC, who were improperly named in Plaintiff's Complaint, are hereafter stipulated to their proper names, O'Reilly Auto Enterprises, LLC and Southern Graphic Systems, LLC, respectively. There is no need for further pleadings to amend the parties identified in the Plaintiff's Complaint.[2]

(*Id.*)

On June 28, 2022, O'Reilly Enterprises filed the Motion. (Doc. No. 25.) Bush responded to the Motion (Doc. No. 29), and O'Reilly Enterprises filed a reply to Bush's response (Doc. No. 33). The Motion is fully briefed and ripe for review and decision.

## II.  LEGAL STANDARDS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

---

[2] The case caption has been amended to reflect the effect of this entry.

judgment as a matter of law." Fed. R. Civ. P. 56(a). Alternatively, summary judgment is denied "[i]f there are 'any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* Fed. R. Civ. P. 56(a), (c). In opposing summary judgment, the nonmoving party cannot rest on its pleadings or merely reassert its previous allegations. *Anderson*, 477 U.S. at 248-49. It also is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must "go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

A party's failure "to properly address another party's assertion of fact as required by Rule 56(c)" can result in the court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Additionally, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In ruling on a motion for summary judgment, it is not the judge's function to make credibility determinations, "weigh the evidence[,] and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 255. In

determining whether a genuine issue of material fact exists, the court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587; *Tolan v. Cotton*, 572 U.S. 650, 660 (2014). However, the "mere existence of a scintilla of evidence in support of the" nonmoving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is "whether reasonable jurors could find by a preponderance of the evidence that the" nonmoving party is entitled to a verdict. *Id.*

## III.  ANALYSIS

In the Motion, O'Reilly Enterprises argues that it is entitled to summary judgment based on the applicable statute of limitations. (Doc. No. 25.) O'Reilly Enterprises seeks "summary judgment on this state law tort claim based on Ohio's two-year statute of limitations for bodily injury" because Bush "alleges he suffered bodily injury on April 3, 2019 as a result of the negligence of this defendant," but Bush "filed this lawsuit on July 15, 2021." (*Id.* at PageID 75.) O'Reilly Enterprises also argues that "Ohio's savings statute does not apply because O'Reilly [Enterprises] was not a party to the original lawsuit." (*Id.*) Bush responds that "Ohio's savings statute applies and the statute of limitations does not bar the action." (Doc. No. 29 at PageID 102.)

Bush does not dispute that the applicable law provides a two-year statute of limitations for his negligence action (*see generally* Doc. No. 29).[3] *See also* Ohio Rev. Code § 2305.10(A) ("[a]n action for bodily injury … shall be brought within two years after the cause of action accrues");

---

[3] In their briefing, the parties assume that Ohio law applies to the statute of limitations issue in the Motion. So will the Court. *See Kovats v. Hi-Lex Corp.*, No. 1:00-cv-433, 2001 U.S. Dist. LEXIS 23068, at *19 (W.D. Mich. Oct. 9, 2001), *report and recommendation approved by* 2002 U.S. Dist. LEXIS 2432 (W.D. Mich. Feb. 7, 2002) ("[w]hen exercising jurisdiction over state-law claims, the federal court must apply the state statute of limitations, including the state rules for accrual and tolling, in deciding a limitations defense") (citing *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995)); *cf. Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) ("[w]hen reviewing a Rule 12(b)(6) dismissal of state law claims based on a statute of limitations, we apply state law regarding the statute of limitations and any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel") (internal quotation marks omitted).

5

*Schmitz v. NCAA*, 2018-Ohio-4391, 122 N.E.3d 80, 90 (Ohio 2018) (negligence claim subject to two-year statute of limitations).  The Court agrees with O'Reilly Enterprises that, on its face, the complaint would be barred by applying that statute of limitations because Bush's alleged injury occurred on April 3, 2019 and Bush filed his claims in the Current Lawsuit on July 15, 2021.  (Doc. No. 1.)

However, Ohio has what is sometimes referred to as a "savings statute," Ohio Rev. Code § 2305.19.  *See Wasyk v. Trent*, 174 Ohio St. 525, 191 N.E.2d 58, 61 (Ohio 1963); *Kinney v. Ohio Dep't of Adm'r Servs.*, 30 Ohio App. 3d 123, 507 N.E.2d 402, 404 (Ohio Ct. App. 1986).  That statute states, in part:  "In any action that is commenced or attempted to be commenced, … if the plaintiff fails otherwise than upon the merits, the plaintiff … may commence a new action within one year after the date of … the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."  Ohio Rev. Code § 2305.19(A).  "The laudable purpose of the statute of limitations is to promote justice by preventing surprise through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared."  *Kinney*, 507 N.E.2d at 405.  "Since the savings statute is available only to plaintiffs whose actions were timely commenced, such statutes are perfectly consistent with the goals statutes of limitations are designed to serve."  *Id.*

"The savings statute applies when the original suit and the new action are substantially the same."  *Children's Hosp. v. Ohio Dept. of Public Welfare*, 69 Ohio St. 2d 523, 433 N.E.2d 187, 189 (Ohio 1982).  "[T]he ultimate legal consideration is whether a party to a re-filed action was put on notice of the claims against them in the original action."  *Rutherland Enter., Inc. v. Zettler Hardward*, 700 F. App'x 398, 402 (6th Cir. 2017).

O'Reilly Enterprises acknowledges that the refiled complaint in the Current Lawsuit "appears to fall within the scope of [the savings statute]," but relies on the following language from the Ohio Supreme Court to argue that the savings statute does not apply to the circumstances presented here:

> [Ohio Rev. Code §] 2305.19, the one-year saving statute, does not apply when the parties and relief sought in the new action are different from those in the original action.

*Children's Hosp.*, 433 N.E.2d 187 at syllabus ¶ 1. O'Reilly Enterprises argues: "O'Reilly Auto Enterprises, LLC [i.e., O'Reilly Enterprises], the defendant in this case, was never a party to the original lawsuit" and that "prevents the use of Ohio's savings statute." (Doc. No. 25 at PageID 82 (citing *Rutherland Enter.*, 700 F. App'x at 402 and *Eaves v. Strayhorn*, No. 1:09-cv-394, 2010 U.S. Dist. LEXIS 59125 (S.D. Ohio June 15, 2010)).) The Court disagrees that use of Ohio's savings statute is prohibited here.

There is no argument that the relief sought in the new action is different from that in the original action. Additionally, the named defendant in the new action and the named defendant in the original action were not different. (*Compare* S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1-1 *to* Doc. No. 1 (both naming "O'Reilly Automotive Stores, Inc." as the defendant); *see also* Doc. No. 25 at PageID 79 (O'Reilly Enterprises stating in its Motion that Bush "filed the instant case in this court against the same defendants who had been parties to the original action").) This case involves an apparent mistake in the naming of a defendant, where the proper defendant was put on notice of the claims against it in both the Original Lawsuit and the Current Lawsuit. Both the complaint in the Original Action and the complaint in the Current Action indicate that the incident at issue took place at 121 South Heincke Road in Miamisburg. (Doc. No. 1 at PageID 2; S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1-1.) O'Reilly Enterprises acknowledged that it operated that store at the time of the incident at issue and that O'Reilly Stores "has not operated the Miamisburg

store since at least 2011." (Doc. No. 25-1.) O'Reilly Enterprises indicated that it is a parent, subsidiary, or other affiliate corporation of O'Reilly Stores. (Doc. No. 13.) And, the Notice of Removal—filed by O'Reilly Enterprises's attorney, who is also the attorney for O'Reilly Stores—stated that O'Reilly Stores was not the proper entity to be the defendant and O'Reilly Enterprises was the proper entity. (S.D. Ohio Case No. 3:21-cv-65 at Doc. No. 1; Doc. No. 10.) Furthermore, O'Reilly Enterprises has neither argued nor shown that it has been prejudiced in defending the case on its merits.

In the circumstance presented here, use of Ohio's savings statute is appropriate. *See Milos v. Doe*, 2011-Ohio-849, 950 N.E.2d 592, 593-94 (Ohio Ct. App. 2011) (reversing judgment for party on statute of limitations grounds; the case had been refiled within the one-year time frame set forth in the savings statute, it was apparent from the complaint who the intended defendant was, and the intended defendant "was on notice of the claim and was not prejudiced in defending the case on the merits"); *McGraw v. Jarvis*, 2021-Ohio-522, 168 N.E.3d 163, 174 (Ohio Ct. App. 2021) (finding that "the error in appellants name as originally styled in the dismissed case and as originally styled in the current case was akin to a clerical error," "[t]here was never any genuine confusion among the parties," "the correction of the clerical error does not render the savings statute inapplicable, and the trial court did not err in denying appellees motion to dismiss"); *Kinney*, 507 N.E.2d at 405-06 (allowing application of the savings statute where "[e]very party named in plaintiffs' new action had been put on notice in the initial action" and the party seeking judgment "was not prejudiced in any manner by having to defend against a 'new theory' or 'cause of action' that had not been presented in the initial case").

Furthermore, the Ohio Supreme Court has explained that the savings statute "is, of course, a remedial statute designed to provide a litigant a hearing on his case on its merits" and "is to be

8

given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." *Wasyk*, 191 N.E.2d at 61 (internal quotation marks omitted). The Ohio Supreme Court has also instructed that, given its "remedial purpose," operation of the savings statute should not be "unduly restrict[ed]" unless the restriction is clear, and "[i]ts broad and liberal purpose is not to be frittered away by any narrow construction." *Id.* (internal quotation marks omitted); *see also Kinney*, 507 N.E.2d at 405-06 (agreeing that the savings "statute is broad and unambiguous and should be liberally construed in order that controversies be decided upon important and substantive questions rather than upon technicalities of procedure") (internal quotation marks omitted and alterations adopted).

Finally, the cases relied on by O'Reilly Enterprises are distinguishable and do not convince the Court to grant the Motion. In *Children's Hospital*, both the relief sought and the parties in the new action were different from the original action. *Children's Hosp.*, 433 N.E.2d at 189. The original action did not seek money damages and named the following parties as defendants: the Governor of Ohio, the Director of the Ohio Department of Public Welfare, and the Secretary of the United States Department of Health, Education and Welfare. *Id.* However, the new action sought money damages and named one defendant: the Ohio Department of Public Welfare. *Id.* In *Rutherland*, the original lawsuit had named a single corporate defendant, but the refiled complaint added several individuals as defendants; the Sixth Circuit explained that the individual defendants "had no notice that there were any claims against them until [plaintiff's] refiled action" that was initiated the year after voluntary dismissal of the original action. *Rutherland*, 700 F. App'x at 400, 402. Similarly, in *Eaves*, Ohio's savings statute did not apply where "Plaintiff's state complaint named the 'Brown County Commissioners;' 'Brown County Clerk of Courts;' and 'Brown County Sheriff's Office,'" but did "*not* name Hamilton County Sheriff Simon L. Leis, Jr. or Hamilton

County Deputy Mitchell Bruser" or "any office or officeholder in Hamilton County." *Eaves*, 2010 U.S. Dist. LEXIS 59125, at *17 (emphasis in original) (granting judgment on the pleadings to Leis and Bruser in subsequently-filed federal action).

### IV.    **CONCLUSION**

For the reasons stated above, the Court **DENIES** the Motion of Defendant O'Reilly Auto Enterprises, LLC for Summary Judgment (Doc. No. 25).  This case shall proceed in accordance with the Court's scheduling order.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, December 9, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE